UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BURNETT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
    _____/

Case No. 10-cv-14739

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (docket no. 23)**, ADOPTING THE REPORT & RECOMMENDATION** (docket no. 22)**, GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (docket no. 19)**, AND DENYING BURNETT'S MOTION FOR SUMMARY JUDGMENT** (docket no. 12)

    Barbara Burnett brings this action to obtain review of the Commissioner of Social Security's ("Commissioner") administrative decision denying Burnett's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). In a report and recommendation issued July 9, 2012, the magistrate judge found that in the administrative proceedings below the Administrative Law Judge ("ALJ") properly reviewed and weighed all of the evidence to determine that Burnett is not disabled, and that substantial evidence supports the ALJ's findings. Burnett filed three objections to the magistrate judge's report, which are now before the Court for review. For the reasons that follow, the Court will overrule Burnett's objections, adopt the magistrate judge's report, grant summary judgment for the Commissioner, and dismiss the case.

## BACKGROUND

A.   Procedural background

    Burnett first filed an application for DIB and SSI on November 8, 2000. In an order issued January 16, 2003, Burnett was awarded benefits for the period from February 10,

2000 to December 6, 2001. On February 21, 2003, Burnett again filed an application for benefits, which was denied after an administrative hearing. The Appeals Council subsequently vacated the decision and remanded for rehearing, however, because the hearing transcript could not be located. On July 27, 2007, Burnett filed the application at issue here, alleging a disability onset date of August 9, 2006. A hearing on the application was held on December 8, 2008, and in a decision dated May 18, 2009, the ALJ found that Burnett is not disabled. Burnett appealed the decision, but the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. On November 30, 2010, Burnett filed a complaint in this Court for judicial review of the decision. The parties filed cross-motions for summary judgment, on which the magistrate judge issued his report.

B.  The ALJ's decision

To evaluate whether a claimant is disabled under the Social Security Act, the Commissioner follows a five-step sequence. *See* 20 C.F.R. §§ 416.920(a)(4); 404.1520(a)(4). He or she asks: (1) Is the claimant still performing substantial gainful activity? (2) Are the claimant's impairments severe?; (3) Do the claimant's impairments meet or equal a listing in the Listing of Impairments? (4) Can the claimant still perform his or her past relevant work?; and (5) If the claimant can no longer perform his or her past relevant work are there other significant numbers of jobs in the national economy which the claimant can perform? *See Gwizdala v. Comm'r of Soc. Sec.*, No. 98-1525, 191 F.3d 452, at *2 n.1 (6th Cir. Sept. 16, 1999) (table).

Here, at step one, the ALJ found that Burnett has not engaged in substantial gainful activity since the alleged onset date of her disability. A.R. 928. At step two, the ALJ found that Burnett has the following severe impairments: depression, arthritis, obstructive sleep

apnea, bilateral carpal tunnel syndrome, diabetes mellitus, and morbid obesity. *Id.* At step three, the ALJ found that none of Burnett's impairments, either alone or in combination, satisfied a listing's criteria in the Listing of Impairments, Appendix I, Subpart P of 20 C.F.R. § 404. A.R. 928-29.

To answer the questions at steps four and five, regarding a claimant's ability to perform past relevant work or other work in the national economy, the ALJ must assess the claimant's residual functional capacity. 20 C.F.R. §§ 416.920(4), 404.1520(4). Here, the ALJ determined that Burnett has the residual functional capacity

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except [she] requires simple unskilled work activity with only 4-5 step instruction. [Burnett] is unable to work in close proximity to co-workers or the public[, can] lift 10-15 pounds with one hand occasionally (up to 1/3 of an 8-hour workday). [She] can stand/walk for a total of 2 hours in an 8-hour workday and for 5-10 minutes at one time without interruption while using a cane to ambulate and for balance[,] . . . can sit for 8 hour [sic] in an 8-hour workday[,] . . . can perform pushing and pulling motions with the upper extremities with the aforementioned weight restrictions[,] . . . can occasionally use her right lower extremity[,] . . . should avoid unprotected heights and moving machinery[,] . . . must elevate the right ankle 12-15 inches[,] . . . is unable to climb or balance . . . should avoid repetitive bending[,] . . . has to recline during scheduled breaks[, and] . . . is unable to drive.

A.R. 929-30. In reaching this determination, the ALJ reviewed Burnett's own testimony, the opinions of her treating physicians, and the medical evidence of record. The ALJ gave only limited weight to the treating physicians' opinions, concluding that "the medical evidence of record does not support the severity of limitations set forth in the opinions." A.R. 933. Based on his assessment of Burnett's residual functional capacity, the ALJ determined at steps four and five that Burnett could not return to her past relevant work as a nurse's assistant or bus driver, but she could perform other jobs in the national economy. A.R. 936. Accordingly, the ALJ concluded that Burnett is not disabled. A.R. 937.

## STANDARD OF REVIEW

Recommendations on dispositive motions by a magistrate judge are reviewed pursuant to Civil Rule 72(b). Under that rule, the district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

This Court must affirm the ALJ's findings if they are supported by substantial evidence and the ALJ employed the proper legal standard. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotes and citations omitted). Thus, when the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989). The Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

## DISCUSSION

Burnett submits three numbered objections, grouped as follows: She objects that (1) the magistrate judge incorrectly found that the ALJ provided valid reasons for rejecting the opinions of the treating physicians, and that the ALJ did not have a duty to develop the record in this case; (2) the magistrate judge and the ALJ erred by assessing each of Burnett's impairments individually, rather than considering them in combination, and the

4

ALJ did not consider Burnett's obesity; and (3) the magistrate judge should not have affirmed the ALJ's determination of Burnett's residual functional capacity ("RFC") because when formulating her RFC, the ALJ did not take into consideration Burnett's limitations in concentration, persistence, and pace.

I.  Objection One

Burnett first objects that the ALJ failed to provide valid reasons for rejecting the opinions of her treating physicians. Under the treating source rule, an ALJ "must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating physician's opinion is not given "controlling weight," the ALJ "must apply certain factors . . . in determining what weight to give the opinion," and give "good reasons" for the weight given. *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009); 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons . . . for the weight we give your treating source's opinion."). The factors to be considered are the length of the treatment relationship, frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source. 20 C.F.R. § 404.1527(d)(2)(i) and (ii), (d)(3)-(d)(6); *see also Wilson*, 378 F.3d at 544 (listing factors). The ALJ's reasons "must be based on evidence in the record and 'be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, at *5 (6th Cir. Sept. 2, 2005) (quoting *Wilson*, 378 F.3d at 544). An ALJ is not required to give any special

5

weight to a treating source's conclusion that a claimant is disabled because that determination is for the Commissioner to make, based on the evidence of record. 20 C.F.R. § 404.1527(e)(1), (e)(3).

The ALJ complied with the treating source rule. In his decision, the ALJ reviewed medical needs statements prepared by treating physicians Michael Popoff, D.O., Alphonse Ekole, M.D., and John Verbovsky, D.O., regarding Burnett's residual functional capacity. Specifically, the ALJ noted that each doctor concluded that Burnett is "not nonambulatory, does not require special transportation, and does not require someone to accompany her to medical appointments." A.R. 931-32. In a 2005 needs statement, Dr. Popoff noted that she required assistance with "dressing, transferring, mobility, taking medications, meal preparation, shopping/errands, laundry and housework." *Id.* at 932. In a March 2007 medical needs statement, Dr. Ekole similarly wrote that Burnett needs assistance dressing, taking medication, preparing meals, shopping, doing laundry and performing housework. *Id.* In a June 2007 capacities assessment, Dr. Ekole checked boxes indicating that Burnett could "never" sit, stand, walk, lift any weight, bend, squat, crawl, kneel, reach over shoulder, grasp, push, pull, climb stairs, or perform any climbing. *Id.* In a medical examination report prepared the same month, Dr. Ekole noted that Burnett could lift up to ten pounds occasionally, and did not note any limitations regarding her ability to perform grasping, reaching, pushing, pulling, fine manipulation, sitting, standing or walking. *Id.* Finally, in March 2008 medical examination report, Dr. Verbovsky wrote that Burnett could lift less than ten pounds frequently, lift ten pounds occasionally, could stand and/or walk less than two hours in an eight-hour day and sit for less than six hours in an eight hour day, and could grasp, reach, push, pull and use her hands for fine manipulation. Dr. Verbovsky also noted that Burnett has limitations in her ability to sustain concentration and follow

simple directions. *Id.* In a medical needs statement prepared that month, Dr. Verbovsky wrote that Burnett requires assistance with mobility, dressing, preparing meals, shopping, doing laundry, and performing housework. *Id.* Each physician also opined that Burnett's limitations rendered her unable to work. A.R. 931-32.

After reviewing these opinions, the ALJ concluded that the limitations identified by the treating physicians were not supported by medical evidence in the record. In reaching this conclusion, the ALJ reviewed the results of tests performed from 2003 through 2008. He noted that a 2006 x-ray of Burnette's right knee showed "a mild spur formation," but "no evidence of fracture or dislocation." A.R. 933. A 2006 chest x-ray showed "mild left ventricular cardiac enlargement, but no evidence of a mediastinal or pulmonary mass." *Id.* A 2007 chest x-ray "revealed no active disease." *Id.* A 2008 EMG of Burnette's hands revealed "moderate" carpal tunnel syndrome, for which her physician recommended only "conservative treatment of splints and medication." *Id.* Moreover, the ALJ noted that the treating source opinions were inconsistent with other evidence in the record. First, the ALJ noted that if Burnette if could "never" sit, stand, walk, walk, lift any weight, bend, squat, crawl, kneel, reach over her shoulder, grasp, push, pull, climb stairs, or perform any climbing, as indicated by Dr. Ekole's in his June 15, 2007 capacity assessment, she would be "essentially bedridden." *Id.* That severity of limitation is contradicted by Dr. Ekole's own assessment only two weeks later, in which he stated that she could lift up to ten pounds occasionally and did not note any limitations her ability to push, pull, grasp, sit, stand, walk, or perform fine manipulation. The ALJ also reviewed, at length, the assessments of the consulting physicians and state agency examiners, who found limitations consistent with the RFC ultimately formulated.

7

In sum, the ALJ's analysis complied with the regulations. The ALJ provided "good reasons" for the weight given to the treating source opinions by reviewing and pointing to specific medical evidence in the record that contradicts or fails to support the treating physicians' assessment of Burnett's limitations, and by discussing the supportability of the treating source opinions and their inconsistency with the record as a whole. *See Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, at *5. The Court will reject Burnett's objection.

Burnett also argues that the ALJ should have contacted Burnett's treating physicians to develop the record, before discounting the opinions. In support, Burnett cites Social Security Ruling 96-5p, which states that "if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." SSR 96-5p, 1996 WL 374183, at *6; *see also D'Angelo v. Comm'r of Soc. Sec.*, 475 F. Supp. 2d 716, 722 (W.D. Mich. 2007) ("[T]he ALJ should have performed further investigation pursuant to SSR 96-5p . . . .").

Generally, a claimant bears the burden to establish his or her eligibility for benefits. *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008). But "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures[,] an ALJ has a special, heightened duty to develop the record." *Id.* Burnett does not fall within *Wilson*'s "special circumstances" because she was represented by counsel at the hearing. *See* A.R. 925. And in any event, Burnett appears to concede that the ALJ was not under a heightened duty in this case. *See* Objections, ECF No. 23 (stating that the magistrate judges' conclusion that the ALJ did not have a heightened duty to develop the record is "inapplicable to the argument of the Plaintiff").

8

When *Wilson*'s special circumstances do not apply, "[t]he ALJ has discretion to determine whether additional evidence is necessary." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010). Under SSR 96-5p, an ALJ should make reasonable efforts to contact a treating physician for clarification "when 'the evidence does not support a treating source's opinion . . . and the adjudicator cannot ascertain the basis of the opinion from the record.'" *Id.* (quoting SSR 96–5p, 1996 WL 374183, at *6). But the ALJ's recontact obligation is triggered "only when the information received is *inadequate* to reach a determination on claimant's disability status, not where . . . the ALJ rejects the limitations recommended by that physician." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (emphasis added).

Here, the information provided by the treating sources was not inadequate: As noted by the magistrate judge, the record includes "myriad treatment notes" reflecting Burnett's subjective experience of her condition, as well as the treating physicians' impressions. *See* Report & Recommendation 33. But, as discussed above, the ALJ "reject[ed] the limitations recommended by [the treating sources]" because they were unsupported and/or contradicted by the objective medical evidence in the record. *Poe*, 342 F. App'x at 157. Rejecting the limitations as inconsistent with objective evidence amounts to a decision on the merits of the claim; it does not imply a circumstance that triggers the ALJ's duty to recontact the treating sources. *See Ferguson*, 628 F.3d at 274 (finding ALJ's recontact obligation not triggered where "Dr. Erulkar's opinion was deemed unpersuasive not because its bases were unclear, but because they were not corroborated by objective medical evidence"). Accordingly, the Court will overrule this objection.

9

II. Objection Two

Burnett next objects that the ALJ erred by assessing Burnett's impairments individually, rather than considering them in combination. *See* 20 C.F.R. § 404.1523 (providing that the Commissioner "will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). But the record does not support this claim. In particular, when discussing, at step three, whether Burnett's impairments meet the criteria of any impairment in the Listing of Impairments, the ALJ specifically found that her "impairments, or *combination of impairments*" do not meet the listing criteria. A.R. 928. This finding is sufficient to demonstrate that the ALJ considered the combined effect of her impairments, as required under the regulations. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 410-11 (6th Cir. 2006) (rejecting a similar argument where the ALJ "explicitly stated in his factual findings that he considered the combination of all impairments"). Accordingly, the Court rejects the objection.

Burnett also argues that the ALJ erred by failing to take into consideration the effect of her obesity on her capacity to function. This contention is also unsupported. Social Security Ruling 02-01p reminds adjudicators to consider the effects of obesity when evaluating a claimant's disability, but the Ruling "does not mandate a particular mode of analysis." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) ("It is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants."). Here, the ALJ did not ignore the effect of Burnette's obesity. He listed obesity among Burnett's "severe impairments." A.R. 928. He noted his obligation under SSR 02-1p to consider whether Burnett's obesity "alone or in combination with other impairments significantly limits [her] physical or mental

10

ability to do basic work activities." *Id.* When assessing Burnett's RFC, he credited the testimony of examining physician, Dr. Banerji, who found that Burnett's obesity did not impose limits on her, aside from difficulty squatting and bending. A.R. 934. The ALJ's reference to Dr. Banerji's findings is sufficient under the Ruling. *See Bledsoe* at 412. ("[T]he ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity."). Accordingly, the Court will overrule this objection.

III. Objection Three

Finally, Burnett objects that the magistrate judge improperly affirmed the ALJ's determination of Burnett's RFC because the ALJ failed to consider her limitations in concentration, persistence, or pace when determining her RFC. But the Court finds that the RFC properly accounted for Burnett's limitations. Specifically, as the ALJ noted, state agency examiner Dr. Ashok Kaul concluded in a December 17, 2007 psychiatric review of Burnette that she had the following limitations in the mental disorders listing: "mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; *moderate difficulties in maintaining concentration, persistence or pace*; and no episodes of decompensation." *See* A.R. 935 (emphasis added). On the same day, Dr. Kaul assessed Burnett's mental RFC, and concluded that Burnett is "able to understand, remember, and carry out simple instructions on a sustained basis and is *capable of simple unskilled work* encompassing 4 to 5 instructions not in close proximity to others and not with the public." *Id.* (emphasis added).

The ALJ credited both assessments. At step two, the ALJ adopted Dr. Kaul's finding that Burnett has moderate difficulties in concentration, persistence, or pace. A.R. 929. And when formulating Burnett's RFC, the ALJ considered Dr. Kaul's assessment and RFC, as well as "other treating, examining, and non-examining medical sources," to conclude that

11

Burnett would be able to "function independently, appropriately, effectively, and on a sustained basis" at work. The ALJ specifically incorporated into his RFC Dr. Kaul's findings that Burnett should not work in close proximity with others, and can follow only simple four-to-five-step instructions. Accordingly, the record belies Burnett's contentions that "there is not a scintilla of evidence to support [the ALJ's] RFC assessment." *See* Objections, ECF No. 23 at 5.

Burnett appears to contend that the ALJ's finding that she has moderate limitations in concentration, persistence, or pace is incompatible with a conclusion in her RFC that she is able to work, and therefore the RFC is necessarily unsupported. But Dr. Kaul apparently found the limitations consistent with an ability to work, and the ALJ's reliance on Dr. Kaul's assessment, in addition to other evidence, was not improper. *See Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008) (substantial evidence supported the ALJ's decision where, although the psychiatrist found "moderate" limitations in the plaintiff's ability to maintain attention and concentration for extended periods, the psychiatrist ultimately concluded that the plaintiff was capable of performing simple tasks on a sustained basis); *see also, e.g.*, *Taylor v. Comm'r of Soc. Sec.*, No. 10–12519, 2011 WL 2682682, at *8 (E.D. Mich. May 17, 2011), *adopted,* 2011 WL 2682892 (July 11, 2011) ("[T]his Court finds that Dr. Marshall's findings that Plaintiff has moderate limitations in concentration, persistence, and pace have to be considered in conjunction with his ultimate conclusion (twice reached) that, despite the concentrational limitations, Plaintiff could perform unskilled work on a 'sustain[ed] basis.' "); *Young v. Comm'r of Soc. Sec.*, 10-CV-11329, 2011 WL 2601014 (E.D. Mich. May 23, 2011), *adopted*, 10-11329, 2011 WL 2600599 (E.D. Mich. June 30, 2011) (overruling plaintiff's objection where "[a]lthough Plaintiff correctly cites the moderate limitations noted in the assessment, Plaintiff fails to mention that the same assessment also

concluded that Plaintiff is 'capable of unskilled work.'"). Accordingly, the Court will overrule Burnett's third objection.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court will adopt the magistrate judge's Report and affirm the decision of the ALJ.

**WHEREFORE**, it is hereby ordered that Burnett's objections (docket no. 23) are **OVERRULED** and the Report (docket no. 22) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (docket no. 19) is **GRANTED** and Burnett's motion for summary judgment (docket no. 12) is **DENIED**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: September 6, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2012, by electronic and/or ordinary mail.

                                        Carol Cohron
                                        Case Manager